FRANKLIN,
*January,*
1835.

ADI VINCENT *vs.* HENRY STINEHOUR.

No action of trespass can be maintained, where the injury complained of results from unavoidable accident, and no blame is imputed to the person doing the injury.

The court are not under obligation to give any opinion to the jury on the weight of testimony.

This cause came from the court below upon the following bill of exceptions:

This was an action of trespass for defendant's driving against and over the plaintiff with his horse and sulkey.

Plea, not guilty—and trial by jury.

The plaintiff gave evidence tending to prove, that he was walking in the road, east of the part usually travelled by carriages, in the town of St. Albans, and that the defendant was travelling the same road with his horse and sulkey, driving fast, and when coming near, the defendant drove out on the east side, in such a manner as to bring his horse in contact with the plaintiff, which knocked him down, and the sulkey wheel passed over his body and leg, whereby he was much bruised and injured.

On the part of the defendant, the deposition of S. P. Bascomb was read.*

The plaintiff requested the court to charge the jury, that if they found the plaintiff was walking out of the travelled path, and was run upon by the defendant, the plaintiff must recover, though there was no fault, neglect, or want of prudence on the part of the defendant. But the court declined so to charge.

The court charged the jury as follows:—The parties were legally travelling the road, and the plaintiff has been injured by the defendant; and the plaintiff is entitled to recover, although the injury was not wilful, unless the jury are satisfied it was the result of accident, unavoidable by the defendant; but there must be some degree of negligence or inattention on the part of the defendant, to charge him. Every man, in pursuing his lawful business, must use the prudence of the most prudent kind of men; and if there was any want of the exercise of this prudence on the part of the defendant, either in using an unsafe horse, or in the manner of driving and using the horse, whereby the event happened, the defendant must be answerable, and the jury would assess the damages; but if the jury were convinced there was no such neglect or want of prudence, but that it was the result of accident, unavoidable on the part of the defendant, they would find for the defendant.

* This deposition was not sent to the Editor.

FRANKLIN,
January,
1835.

Vincent
vs.
Stinehour.

To which neglect to charge as requested, and charging as aforesaid, the plaintiff excepted; and thereupon the cause passed to this court for revision.

*Judge Turner for the plaintiff.*—1. It is contended that the plaintiff had taken all necessary precaution to prevent being injured, and that the injury was occasioned wholly by the act of the defendant.

2. The defendant cannot excuse himself by saying that the injury proceeded from the misconduct of the horse, or inevitable accident.

Nor is this a hardship on the defendant. An injury has been done, and suppose it purely accidental, it is no worse for the defendant to sustain it than the plaintiff. He was guilty of no wrong, and the defendant, to say the least, was driving a skitish horse; and if the horse was frightened and became unmanageable, the injury done by him should be borne by the defendant. It should be his misfortune, and not the misfortune of the plaintiff.

3. Trespass does not imply any evil intention on the part of the trespasser.—1 Str. 596. It may be purely accidental, as where one enters on the land of another by mistake, or where one driving in the dark happens to get on to the wrong side of the road and injure the carriage of another by accident. As is said by Lawrence, Judge, in *Leaf* vs. *Bray*, if one turn round suddenly and knock another down, whom he did not see, and purely by accident, the action would be trespass. And in *Gates* vs. *Miles*, Hosmer, Judge, says innocency of intention is no excuse.—3 Conn. Rep. 69, 70. 3 East. 595.

4. Nor is an act of the will necessary to the commission of trespass, for the action may well be maintained against idiots and lunatics, who are presumed to have no will. It was so said by Lord Kenyon in *Ogle* vs. *Barnes*—"It is clear the mind need not concur in the act that occasioned the injury."—8 T. R. 191. 3 Conn. Rep. 70.

5. The act may be a trespass, though the mind dissent, as where a person goes to cut timber on his own land, adjoining another's, and does not intend to trespass; yet if he cut the other's timber, it would be trespass; and it would be no answer to the action for him to say he did not intend it, and used great precaution, and carefully examined the lines in order to prevent it. And in the case of *Leame* vs. *Bray*, Lawrence, Judge, says, "The injury might happen where the force of wind and tide operated against

FRANKLIN,
January,
1835.

Vincent
vs.
Stinehour.

the force used by the defendant to prevent it.—3 East. Rep. 595. And Lord Ellenborough said, "If one put an animal or carriage in motion, he is the actor.

6. Where an act occasions an injury, the law always presumes some degree of fault. Suppose A should cut a tree on his own land, and it should fall into the enclosure of B, and kill B's horse, would it be any answer to an action by B, for A to say he verily thought the tree would fall the other way, and when he found it was likely to fall on B's land, he did all in his power to prevent it?

7. The defendant put the deposition of Bascomb into the cause, which was the only evidence on his part, and the plaintiff contends that the court ought to have charged the jury, that if they believed the testimony of Bascomb, the law arising from the facts stated by him would entitle the plaintiff to a verdict.

*Hunt and Beardsley for the defendant.*—The only question presented by this case is, whether, where one man, in the proper exercise of a lawful employment, is the occasion of damage to another, and the act producing the damage could not be controlled by the use of proper prudence and caution, he is liable to repair the damage, whatever it may be. The defendant insists he is not ; that such a case is to be regarded as *damnum absque injuria ;* that it is essential that some degree of blame be imputable to the party, in order to constitute such damage or injury; and that no one can, in any shape, be made answerable for the consequences which his prudence could not avert.—Ham. N. P. 67. 1 Sw. Dig. 478.

If this view of the subject be correct, it results that the instructions of the court to the jury were correct.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—In this case the jury must have found, that the injury suffered by the plaintiff was the result of unavoidable accident, and that there was no want of prudence or care on the part of the defendant. They were instructed by the court, that if they found these to be the facts, their verdict must be for the defendant.

The plaintiff contends in this case, that the injury arose from the unlawful act of the defendant. This, however, is taking for granted the very point in dispute. If the act which occasioned the injury to the plaintiff was wholly unavoidable, and no degree of blame can be imputed to the defendant, the conduct of the defendant was not unlawful. From an examination of the case, we

FRANKLIN,
January,
1835.

Vincent
vs.
Stinehour.

find the charge of the court was conformable to the law, and is wholly unexceptionable. The principle of law, which is laid down by all the writers upon this subject, and which is gathered from and confirmed by the whole series of reported cases, is, that no one can be made responsible, in an action of trespass, for consequences, where he could not have prevented those consequences by prudence and care. Thus it has been laid down, that if a horse, upon a sudden surprise, run away with his rider, and runs against a man and hurts him, this is no battery. Where a person, in doing an act which it is his duty to perform, hurts another, he is not guilty of battery. A man falling out of a window, without any imprudence, injures another—there is no trespass. A soldier, in exercise, hurts his companion—no recovery can be had against him. In the case of *Gibbons* vs. *Pepper*, 4 Mod. 405, it was distinctly decided, that if a horse runs away with his rider, against his will, and he could not have avoided it, and runs against another, it is no battery in the rider, and he can defend under the general issue. In the case of *Wakeman* vs. *Robinson*, 1 Bing. 213, in trespass for driving against plaintiff's horse, and injuring him with shafts of a gig, it was considered a good defence, that the horse was frightened by the noisy and rapid approach of a butcher's cast, and became ungovernable, so that the injury was occasioned by unavoidable accident. In the case of *Goodman* vs. *Taylor*, 5 Car. and Payne, 410, which was an action of trespass for an injury done to a horse by a poney and chaise running against it, evidence was given on the part of the defendant, that his wife was holding the poney by the bridle, when a punch and judy-show came by and frightened the poney, which run off with the chaise. It was held, that if true, this was a good defence on a plea of not guilty.

It has also been considered, that if a man is entirely deprived of the command of his will and actions, and occasions an injury, he is not accountable for the injury which he involuntarily occasions; as if, from motives of self-preservation, he should jump out of the window of a house on fire, and fall against another; or in endeavoring to save another from inevitable destruction, he should run against some one ;—or if he is deprived of all control over his will by idiocy, or permanent madness, and should injure another, it is considered as an involuntary trespass, for which no recovery can be had. In the case of lunacy, it has been held, that a man is answerable in trespass for an injury which he occasions to another. This, however, is on the strength of authority alone. To prevent any abuse of this protection, a person is accounted negligent or

FRANKLIN,
January,
1835.

Vincent
vs.
Stinehour.

careless, and blame is imputed to him, if he does no use an extra-ordinary degree of circumspection and prudence, greater than is commonly practiced, and if he might have prevented the accident. Therefore, where a person is doing a voluntary act, which he is under no obligation to do, he is held answerable for any injury which may happen to another, either by carelessness or accident. On this principle, the case of *Underwood* vs. *Hewson*, 1 Str. 596, was decided. The act of uncocking the gun was voluntary, not unavoidable; a greater degree of prudence was therefore required. The case of a man turning round, and knocking down another, whom he did not see—the shooting an arrow at a mark, which glanced—were of this class. The act was purely voluntary, not one which the person was required to do. In the case of *Leame* vs. *Bray*, 3 East. 593, it was decided only that trespass was the proper remedy, where the injury was immediate; that it was not necessary that the act should be wilful; that although the injury happened accidentally by misfortune, yet the defendant was responsible, where it was occasioned immediately by his act, when he was driving the wrong side of the road. In that case it is to be noticed that blame was imputable to the defendant.

We have examined this case more particularly, as the highly respectable and learned counsel for the plaintiff, for whose opinion we entertain a great respect, has urged so strenuously that a party must in all cases be answerable for an injury occasioned by a horse which he is riding, and that the doctrines to the contrary, found in the elementary writers, are only the opinions of the writers, and not founded on adjudged or reported cases. The result of our examination is, that we think there must be some blame, or want of care and prudence, to make a man answerable in trespass; and that where a horse takes a sudden fright, and there is no imprudence in the rider, either in managing the horse or in driving an unsafe horse, and the horse runs against another, and injures him, the trespass is wholly involuntary and unavoidable, for which no action can be maintained. And although a man is held responsible for injuries occasioned by his cattle, as was urged in the argument, it is on the ground that blame is attached to him in not restraining them, that it is his duty to keep them from mischief, and make use of care and prudence proportioned to the necessity of the case. It is on the ground that no blame is attached to him, that he is not responsible for damages arising from the vicious propensity of domestic animals, unless he knew of such propensity, and neglects to take the proper precaution to prevent their injuring others.

Another question has been made in this case:—whether the judge should have charged the jury, that from the evidence contained in the deposition of Bascomb, the plaintiff was entitled to recover. Upon this subject it is only necessary to remark, that the deposition tended to prove the facts contended for by the defendant. It does not appear that it was the only evidence in the case. The jury were to determine the facts, and it is clear that the court would not have been justified in saying to the jury, upon this evidence, the plaintiff was entitled to a verdict. The jury, as they believed or disbelieved the testimony of Bascom, or taking it in connection with the other testimony, not detailed in the exceptions, might have come to the conclusion, that the injury to the plaintiff was the result of unavoidable accident, or that it arose from want of prudence, and returned their verdict accordingly. The court were not requested to express any opinion upon this deposition. It was wholly optional with them, whether to give an opinion upon the weight of the testimony, or as to what facts were proved. Their neglect to give this opinon can never be urged as a reason for reversing a judgment.

The judgment must therefore be affirmed.