### Antoine J. Chataigne *v.* P. Bergeron.

A party is liable for damages occasioned by his gross  neglect,  in handling his gun, though it is dis_
charged accidently.
In the assessment of damages in such cases, much discretion is left to the jury.  C. C. 1928.

APPEAL'from the District Court of St. Martin, *Voorhies*, J.
    *E. Mongé*, for plaintiff.   *E. Simon* and *A. Deblanc*, for appellant.

LEA, J.   In this case the plaintiff claims damages, resulting from a gunsho t
wound inflicted by the defendant, by whom he (the plaintiff) was, as he al_
leges, waylaid when passing on the public road and going peaceably to his
home.   The plaintiff sets forth his disabled condition and necessitous circum-
stances, as entitling thim to the damages claimed, which he fixes at $3,000
The defendant pleads a general denial.   Upon the trial of the case by a jury

a verdict was rendered and a judgment entered up in accordance therewith, for $1,000.

The defendant has appealed.

The evidence for the plaintiff consists mainly in the confession of the defendant made to one of the witnesses, *Henry Wallett,* in which he admits that he had a quarrel with the plaintiff; that one evening at dark, he and the plaintiff met; both had guns, and after some words had passed between them, he (defendant) having stooped to pick up a stick, the gun went off, accidentally, towards the plaintiff. Without recapitulating the statement of the case made by defendant himself, it may be sufficient to say, that assuming its truthfulness, he would not be relieved from liability for damages incident to his gross neglect in handling his gun.

Considering the entire testimony in the case, we are not prepared to say that the jury erred in their assessment of the damages sustained by the plaintiff. In cases similar to the one at bar, much discretion in the assessment of damages, is left to the jury. C. C. 1928, No. 3.

It is ordered that the judgment appealed from, be affirmed with costs.