LEWIS M. WELCH vs. CALVIN DURAND.

Smart money may be allowed as damages in actions of tort founded on the malicious or wanton misconduct or culpable negligence of the defendant.

The expenses of litigation may be taken into consideration in assessing the damages in any case where smart money may be allowed.

Where the defendant fired a pistol, the ball of which glanced and hit the plaintiff, and it was found that the injury was unintentional but was the result of gross and culpable carelessness on the part of the defendant, it was held—1.  That trespass vi et armis would lie.  2.  That the expenses of the litigation might be considered in awarding damages to the plaintiff.

TRESPASS for an assault and wounding with a pistol ball; brought to the Superior Court in New Haven county and heard in damages, on a default, before Minor, J.

On the hearing the court found that the plaintiff was in-jured by a bullet from a pistol fired by the defendant, as alleged

in the declaration; that the injury was unintentional, but was the result of gross and culpable carelessness and negligence on the part of the defendant; and that the range of the pistol from which the bullet was fired was not in the direction of the plaintiff, and that the bullet after leaving the pistol struck some object before wounding the plaintiff. And the court assessed the damages at $350, of which $200 was for the injury to the plaintiff, and $150 for expenses of litigation, fees of counsel, &c., and rendered judgment accordingly.

The defendant moved for a new trial on the ground, 1st, that trespass *vi et armis* would not lie for the injury proved, and that therefore no evidence should have been received of it and only nominal damages awarded, the evidence having been excepted to on the hearing; and, 2d, that only actual damages should have been allowed and nothing for expenses of litigation.

*Watrous,* in support of the motion.

1. The action should have been case and not trespass, and the court improperly, under this declaration, received the evidence that was offered to prove the injury, as found. The wrong of the defendant was simply this : He was doing a *lawful act* in a careless manner, and *unintentionally* hurt the plaintiff. This wrong has not a single element of *trespass* in it. 1st. The injury was not the direct but the *indirect* consequence of the act of the defendant. 2d. It was not the *immediate* but the *mediate* and remote consequence of that act. 3d. It was not the *intentional* but the *accidental* consequence of that act. 1 Chitty Pl., 125, 128 note 1, 167 ; 1 Swift Dig., 539, 540 ; *Morris* v. *Platt,* 32 Conn., 75, 86, 89; *Bullock* v. *Babcock,* 3 Wend., 391.

2. The case does not justify the assessment of *punitive* damages. To justify such damages " wantonness or malice " must be shown. *Linsley* v. *Bushnell,* 15 Conn., 225, 236, 240 ; *St. Peter's Church* v. *Beach,* 26 id., 355 ; *Platt* v. *Brown,* 30 id., 336, 339, 343 ; Hilliard Rem. for Torts, book 5, ch. 5, §§ 5, 8, ch. 15, § 3 ; Shearm. & Redf. on Negligence, §§ 7,

600 ; *Barnard* v. *Poor*, 21 Pick., 378. The injury in this case was accidental and arose from the fact that the pistol ball struck some intervening object and turned aside from its course as fixed by the aim of the pistol. The court cannot see, if the question were open, that this was even careless, and certainly cannot see that it was "wanton or malicious." The court below clearly erred, therefore, in allowing $150 counsel fees.

*Doolittle* and *H. Stoddard*, contra.

BUTLER, J. The first error assigned in this case, is that the court was not justified in assessing against the defendant, in addition to the actual damage, a sum to cover the expenses of litigation. It is not denied that we have a rule in this state authorizing such assessment in a class of cases, but the claim is that this case is not within the class, for that to justify such damages wantonness or malice must be shown. It is not claimed that the act was intentional or malicious, and it is denied that it was wanton. Although used in our reports in reference to that class of cases, "wantonness" is not alone an apt word to describe one of the distinguishing elements of them. It is not found in the older authorities, and does not appear in Tomlin's Law Dictionary. Bouvier has it, but as applicable to criminal law ; and defines it thus : "Crim. Law: A licentious act of one man toward another without regard to his rights ; as for example, if a man should attempt to pull off another's hat against his will, in order to expose him to ridicule, the offence would be an assault, and if he touched him it would amount to a battery, (q. v.) In such case there would be no malice, but the wantonness of the act would render the offending party liable to punishment." Licentiousness is defined by him to be "the doing what one pleases without regard to the rights of others." According to these definitions wantonness is active,—action without regard to the rights of others. But in *Linsley* v. *Bushnell* the term was applied to an omission to act. In that case the owner of a cart which had been taken from its place and

upset in the highway by wrong doers, left it there, and the plaintiff was injured by running against it. So in *Beecher* v. *The Derby Bridge & Ferry Co.*, the term is used to characterize an omission to repair a hole in a bridge. The plaintiff's horse stepped into the hole and was injured. Although thus used by eminent judges, the use of the term alone, as applicable to cases of mere omission, would seem to be of doubtful propriety, and such cases are included in the class. Nor is it easy to find a single term which will correctly and fully describe that portion of the cases in which malice is not imputable, and we must look at the gist of the matter.

In *St. Peter's Church* v. *Beach*, 26 Conn., 355, it was holden that the expenses of litigation were not a part of the damages and could only be taken into consideration where a penal sum or smart money might be given. In what cases then may smart money be awarded in addition to the damages? The proper answer to this question, deducible from that and other cases in our reports, seems to be, in actions of tort founded on the malicious or wanton misconduct or culpable neglect of the defendant. Such then is the rule by which we are to be governed.

In this case the defendant was guilty of wanton misconduct and culpable neglect. The latter is expressly found by the court and would justify the judgment, but the former is shown by the facts. The injury was a battery within the strictest definition. It resulted to the person of the plaintiff from a ball put in motion by the agency of the defendant without due care. It is an immaterial fact that the injury was unintentional, and that the ball glanced from the intended direction. Shooting at a mark is lawful, but not necessary, and may be dangerous, and the law requires extraordinary care to prevent injury to others; and if the act is done where there are objects from which the balls may glance and endanger others, the act is wanton, reckless, without due care, and grossly negligent. The court did not err in allowing the expenses of litigation to the plaintiff.

The defendant further claims that trespass was not the proper action for the injury and therefore that evidence should

not have been received to prove the extent of the injury and damages.   We think the action was properly brought.   The injury was a battery, within the definition of battery as cited from Bouvier.   It was effected by a substance put in motion by the defendant with a want of due care.   (It was the direct and immediate result of that motion recklessly given to the bullet by the defendant.

Just such a case was decided in the 21st of Henry VII, which is cited approvingly in the 3d of Wendell, in the case of *Bullock* v. *Babcock*, in these words: " Where in shooting at butts the archer's arrow glanced and struck another, it was holden to be a trespass." (Year Book, 21 H. VII, 28 a.) Other similar cases are there cited.   That case of *Bullock* v. *Babcock* was an action of trespass where an arrow was discharged at a basket and accidentally hit the plaintiff.   The injury was unintentional, but the shooting, at the time and place, was grossly negligent and careless.   The current of modern authority has set strongly in the same direction. This subject was fully considered and many of the cases cited in *Morris* v. *Platt*, 32 Conn., 75.   In order to constitute the act of trespass, it is not necessary that it should be intentional.   It is sufficient if it is the direct and immediate consequence of a force exerted by the defendant without the exercise of due care.

For these reasons a new trial is not advised.

In this opinion the other judges concurred.