The sole question then is, whether the shooting and killing the cow under the circumstances derailed, and for the purposes mentioned, is"wanton and wilful" within the contemplation of the statute, and more especially, was it "wanton?" To be criminal, the act must possess both qualities. It was certainly wilful, for it was the development of a preconceived purpose, not an impulse of anger, excited by unexpectedly seeing a repetition of the annoying trespasses. But more is required to constitute the indictable offence. The act must not only be of purpose, but it must also be wanton. What does this qualifying adjective mean, when applied to the killing?
Wantonness is defined by Bonvier, to be "a licentious act of one man, towards the person of another, without regard to his rights," and licentiousness, to be "the doing what one pleases, without regard to the rights of others."
In Welch v. Durand, 36 Conn. 182; Butler, Judge, speaking for the Court, says, "wantonness is action without regard to the (890) rights of others."
Mr. Justice Willes declares that "wantonly, means not having a reasonable cause." Clark v. Haggins, 103, E.C.L., Rep., 543.
In Cobb v. Bennett, 75 Penn. St., 326; when the action was for an injury done to a fishing net, in the waters of the Delaware, in use by the plaintiff, Chief-Justice Agnew uses this language: "It is wantonness when a mariner, warned of the net, seeing the lights marking its position, and requested to avoid it, yet indifferent to the interests of the fisherman, keeps on his course, when a reasonable pursuit of his voyage would not be prejudiced by avoiding the net. Wantonness is reckless sport; — wilfully unrestrained action, running immoderately into excess. If a man will do an injury, when he may reasonably avoid doing so without inconvenience to himself, can he be said to be blameless?"
This is, in our opinion, a fair exposition of the sense in which the word is used in the statute. The illegal act is wanton, when it is needless for any rightful purpose, — without adequate legal provocation, — and manifests a reckless indifference to the interests and rights of others. It is such a wrong, which the law subjects to a criminal prosecution.
To obviate the necessity of a resort to violence as a means of personal redress, or to avenge an injury done by straying stock, the law has made ample provisions, and this is open to the injured party.
It is made a misdemeanor for the owner to allow his stock to go at large in territory covered by the stock law, and he may be punished. The Code, Sec. 2811. *Page 742 
Stock found at large, may be taken up and impounded, and if damage has been done to another, a summary mode of assessing its amount is given, and both the costs incurred and the damages ascertained, must be paid, before the owner can have possession of his property. I bid Sec. 2816.
With these means of remuneration for losses sustained from (891) the incursions of stock upon land in cultivation, there can be no legal excuse for the defendant to destroy the unoffending an irresponsible animal, and it must be characterized as wanton as well as wilful. The instruction of the Court was correct in law, and there is no error.
Let this be certified, to the end that the Court proceed to judgment upon the verdict.
No error. Affirmed.
Cited: S. v. Morgan, 98 N.C. 643; Hansley v. R. R., 117 N.C. 572; S.v. Neal, 120 N.C. 619; Everett v. Receivers, 121 N.C. 522; S. v. Battle,126 N.C. 1044; S. v. Martin, 141 N.C. 839; Bailey v. R. R., 149 N.C. 174;Turner v. Lipe, 210 N.C. 629; Kelly v. Willis, 238 N.C. 639.