# ADDISON COUNTY,

## NATHAN CLAFLIN *v.* LILLY H. WILCOX.

Trespass on the case may be sustained for an injury to personal property, which is the result merely of the *negligence* of the plaintiff, although the injury is *immediate*.

In this case the plaintiff alleged, in his declaration, that the defendant so carelessly drove, governed and directed his horse, which he was driving, attached to a sleigh, on the highway, that, by and through the carelessness, negligence and improper conduct of the defendant, the sleigh of the defendant struck the horse of the plaintiff, who was also driving upon the road, with great force, and so injured the horse that he died ; and the evidence, on trial, proved the facts substantially as alleged ; and it was held, that the plaintiff might sustain his action of trespass on the case.

TRESPASS ON THE CASE.   The plaintiff alleged in his declaration, in substance, that, on the twenty sixth day of February, 1844, the plaintiff's son was driving in the highway, in Hancock, a horse and sleigh belonging to the plaintiff, and the defendant was also driving a horse and sleigh, and that the defendant so carelessly drove, governed and directed his horse and sleigh, that, by and through the carelessness, negligence and improper conduct of the defendant, the defendant's sleigh struck with great force and violence against the plaintiff's horse and thereby wounded and killed him.   Plea, the general issue, and trial by jury,—BENNETT, J., presiding.

On trial the plaintiff introduced testimony, showing, that the defendant was driving his horse, attached to a sleigh, along a public highway in Hancock, in February, 1844, and that the plaintiff's sons, Mabens Claflin and Nathan L. Claflin, were each driving a horse and sleigh, belonging to the plaintiff, along the same highway, in an opposite direction to that the defendant was pursuing, Mabens Claflin being before Nathan L.; that before Mabens and the defendant met, each turned out sufficiently to pass without any collision ; that Nathan L. Claflin was about two rods behind Mabens, and

the horse he drove was standing still, at the time Mabens met the defendant; that just as the head of the defendant's horse passed the back of the sleigh, in which Mabens was sitting, the defendant's horse turned in upon the sleigh, so as to catch the thill of the defendant's sleigh into the cloak of a young boy, who was riding with Mabens, by which the boy was dragged over the back of the sleigh and thrown on to the horse and then on to the ground, and the defendant's horse rushed across the road and struck the off thill of the defendant's sleigh against the breast of the plaintiff's horse, which Nathan L. Claflin was driving, so violently, that the thill penetrated the breast of the horse and wounded him, so that he died immediately.

The counsel for the defendant insisted, that the facts proved showed that the plaintiff's remedy should have been by action of trespass, and requested the court to direct the jury to return a verdict for the defendant for this reason; but the court declined so doing. The jury returned a verdict for the plaintiff; and the defendant then filed a motion in arrrest of judgment, for insufficiency of the declaration; but the court overruled the motion and rendered judgment for the plaintiff. Exceptions by defendant.

*E. D. Barber* for defendant.

This action is, in form, case. We contend, that it should have been trespass. The general rule, which is laid down in all elementary works, for determining whether the action should be trespass, or case, is this;—If the injury be occasioned by the act of the defendant at the time, or the defendant be the immediate cause of the injury, and the injury result from force directly consequent upon his act, trespass *vi et armis* is the proper remedy; but if the injury is not direct and immediate on the act done, but is consequential, only, the remedy is by action on the case. The form of action cannot be determined by the fact, whether the act was lawful, or unlawful, nor by the amount of force accompanying it, nor whether it was done wilfully, or negligently; for if these circumstances determine the form of the action, they become the *gist* of the action, and the action is sustained, or fails, according as these facts are determined, whatever may be the amount and character of the injury. *Case et al. v. Marks,* 3 Ohio 305, [2 Hammond 169.] Nor is there

Claflin *v.* Wilcox.

any ground, in principle, for the doctrine, which has been raised in some of the cases, that, though the injury may be immediate on the act of the defendant, the plaintiff may waive the immediate injury and claim those damages, only, which are the consequences of the injury. *Hensworth* v. *Fowkes,* 4 B. & Ad. 449, [24 E. C. L. 99.] 3 Ohio 305.

There are several classes of cases, which seem to militate against the principles above stated, and yet are consistent with them. 1. Cases arising upon water, by the collision of vessels, where there is force, but the act may not be the direct and immediate cause of the injury, and when the force results from the operation of the winds and waves and is consequential upon the act. *Ogle* v. *Barnes,* 8 T. R. 188. 2. When the act complained of is the act of a servant, or when the question has arisen upon a motion in arrest of judgment, —from which it could not be determined, whether it was the act of the defendant, or of a servant. *Morley* v. *Gaisford,* 2 H. Bl. 442. *Huggett* v. *Montgomery,* 5 B. & P. 446. *McManus* v. *Crickett,* 1 East 106. *Savignac* v. *Roome,* 6 T. R. 125. *Bowcher* v. *Noidstrom,* 1 Taunt. 568. *Moreton* v. *Harnderm et al.,* 4 B. & C. 224. *Ogle* v. *Barnes,* 8 T. R. 188. 3. When the ground of the action is mere non-feasance, or it does not appear from the case, but what it might have been non-feasance. *Turner* v. *Hawkins,* 1 B. & P. 472. *Rogers* v. *Imbleton,* 5 B. & P. 117.

But we contend, that, when it appears, from the case, that the defendant himself was present, and that his own act was the cause of the injury, that the injury was forcible and *immediately* consequent upon the act, and that the damage sought to be recovered is the result of this forcible injury, involved in the act at the time of its taking place, the action must be trespass *vi et armis,* whether the act be negligent, or wilful. *Scott* v. *Shepherd,* 2 W. Bl. 892. Selw. N. P. 454. 1 Sw. Dig. 540. *Leame* v. *Bray,* 3 East 593. *Day* v. *Edwards,* 5 T. R. 648. *Covell* v. *Laming,* 1 Camp. 497. 2 Camp. 465. *Savignac* v. *Roome,* 6 T. R. 125. *Haward* v. *Bankes,* 2 Burr. 1114. *Gates* v. *Miles,* 3 Conn. 64. *Barnes* v. *Hurd,* 11 Mass. 57. *Cole* v. *Fisher,* Ib. 137. *Case et al.* v. *Macks,* 3 Ohio 305. *Percival* v. *Hickey,* 18 Johns. 257. 2 Chit. Pl. 281, n. *k.* 1 Smith's Leading Cases 327–330. *Guille* v. *Swan,* 19 Johns. 381.

There are cases, in which the principle has been adopted, that,

where there is *negligence* and also *force*, the negligence may be made the *gist* of the action, and case may be maintained. *Blin* v. *Campbell*, 14 Johns. 432. *Williams* v. *Holland*, 10 Bing. 112. This doctrine may be sound, perhaps, if consequential damages are claimed in the action, but is irreconcilable with first principles and the whole current of authorities, if the damage claimed is that which is involved in the act of force complained of.

But the very principle, which lies at the foundation of the two actions, must be conclusive, it would seem, in deciding this question. *Trespass* is a writ at common law, and of course, is a remedy for all injuries committed with force and which are immediately consequent upon the act of the party complained of. *Case* is an extraordinary and judicial writ, and is a special action to recover for special damages, not recoverable by the ordinary remedy of trespass, and, in principle, unless it counts on special damages, which are not recoverable by the ordinary remedy, the action is misconceived. Selw. N. P. 460, and note 5. *Ashby* v. *White*, 1 Ld. Raym. 937. *Pasley* v. *Freeman*, 3 T. R. 51. 2 Wils. 146. Smith's Lead. Cas. 330. Com. Dig., Tit. Action, 236. *Avery* v. *Ray*, 1 Mass. 12.

*Linsley & Wicker* for plaintiff.

Courts have found it very easy to lay down the rule, that trespass is the proper remedy, when the injury is forcible and immediate, and case, where it is consequential. But the application of the rule has been little aided by definitions. The greatest difficulty has arisen in relation to injuries to vessels, and from animals attached to vehicles. Several cases of the highest authority, where case has been sustained, are almost identical with the one at bar. In *Day* v. *Edwards*, 5 T. R. 648, the declaration alleged, that the defendant " so furiously, negligently and improperly drove his cart," &c., and it was held, that the action should have been trespass; and in *Ogle* v. *Barnes*, 8 T. R. 188, decided by the same court, it was held, that case was the proper remedy, where the defendants so negligently and carelessly steered their vessel, that it run against the plaintiff's vessel. The case of *Gates* v. *Miller* is relied on by the defendant. It appeared, that while the plaintiff's and defendant's vessels were sailing in a direction, that neither would have touched the other,

the defendant directed the course of his vessel to be changed and ran her into the plaintiff's vessel. The court decided, that the action should have been trespass; but they said, "If it had appeared, that the winds and waves baffled the defendant's purpose and counteracted his efforts, the motion would have presented a very different case," &c. *Turner* v. *Hawkins*, 1 B. & P. 472. *Blin* v. *Campbell*, 14 Johns. 432. *Rogers* v. *Imbleton*, 5 B. & P. 117. 1 Smith's Lead. Cas. 210. *Moreton* v. *Hardern et al.*, 10 E. C. L. 316. *Williams* v. *Holland*, 25 E. C. L. 50.

If trespass would have been the more appropriate form of action, still the motion in arrest of judgment should not prevail, and the case of *Ogle* v. *Barnes* is full authority on this point. 1 Chit. Pl. 374. 3 Stark. Ev. 982. 8 T. R. 188.

The opinion of the court was delivered by

REDFIELD, J. The only question in the present case is, whether the plaintiff can sustain this action upon the case for an *immediate* injury, caused by the *negligent driving*, by the defendant, of his own horse.

There certainly is not the fullest coincidence in the cases upon this subject, nor is it easy, I think, to reconcile all the cases on the subject, either English, or American, which are to be found in the books. This case, however, might be decided by what is said by the court in *Slater* v. *Baker*, 2 Wils. 362,—" That the plaintiff ought to receive a satisfaction for the injury seems to be admitted; but then it is said, the defendants ought to have been charged as trespassers *vi et armis; the court will not look with eagle's eyes, to see whether the evidence applies exactly to the case, or not,* when they can see the plaintiff has obtained a verdict for such damages, as he deserves; they will establish such verdict, *if it be possible.*" Perhaps the rule of practical common sense, of making, as far as can well be done, the mere form of the action bend to the substantial justice of the case, is here stated somewhat boldly, but it sounds well, and will not be found to vary substantially from the practice of most modern courts.

But we have no doubt the present case comes fully within the most sensible, most numerous and longest standing and most approved authorities upon the subject. It may be true, perhaps, that

77

an action of trespass might have been sustained in the present case; but clearly, we think, that is not the only remedy. Trespass and case are concurrent remedies for a great many injuries. Where personal chattels are *taken* from the owner and *converted into money*, he may sue the person *taking*, either in trespass, or trover, (which is trespass on the case,) or he may bring assumpsit for the money. For criminal conversation with the wife, or seduction of the daughter, or servant, or an assault and battery upon a child, or servant, either trespass, or case, will lie, at the election of the husband, parent, or master. And so for many other injuries, which might be named, the party injured has an election of remedies. The rule, we think, is the same in a certain class of cases, involving the same, or a similar subject matter with the present action.

If the injury be *wilful* and committed by the *defendant himself*, and the injury *immediate*, the action *must* be trespass. Almost all the cases concur in this. So, too, if the injury is *immediate*, and the defendant *positively does* any act *producing*, or increasing, the injury, trespass is the appropriate remedy. But when the only fault of the defendant consists in *negligence*, is a mere *non-feasance*, although the injury is *immediate*, the appropriate remedy is case. The cases will be found, we think, to sustain this view.

But some cases go so far, as to affirm, that, in the last class of cases, and in all casses, where the injury is *immediate*, the *proper* action, perhaps the *only* action, is *trespass*. *Leame* v. *Bray*, 3 East 593, goes upon this ground, but has been often doubted and seems to me to have been decided rather too much upon the ground quoted from *Slater* v. *Baker*, to be regarded as much authority *for other cases*. It is well enough to decide a case upon *its* own peculiar circumstances, especially when they present a strong equity, as is very often done in the English courts,—much oftner, it would seem, than in this country; but, then, in Westminster Hall such a case is never regarded as of much account, in determining any other case. The courts there, as all courts ought to do, seem to fasten more upon the general current of the authorities, the principle evolved from all the cases, so to speak, than upon the peculiar facts of any particular case. Thus it will be found, that, in that country, the case of *Leame* v. *Bray* has not been much regarded, if we except, perhaps, one or two *nisi prius* cases, decided, soon after that

case, by Lord Ellenborough,—who doubtless considered himself so far the author of the decision in *Leame* v. *Bray,* that he was unwilling to act the part of an unnatural parent, by abandoning it to its fate, without an effort to sustain it.    *Covell* v. *Laming,* 1 Camp. 497.    *Lotan* v. *Cross,* 2 Camp. 465.    With these exceptions, I do not find, that any English court or judge, has undertaken much to vindicate the case of *Leame* v. *Bray,* or to rescue it from that oblivious disregard, into which it has been constantly falling in that country.

But the effort, in this country, to reconcile all the cases upon that subject, and, in so doing, to follow the case of *Leame* v. *Bray,* seems to us to have made rather sad work in one or two instances, at least.    *Gates* v. *Miles,* 3 Conn. 65, is, indeed, ably argued by the court, and the most is made of the facts in the case, to *defeat* the action, but to *sustain* the verdict below ; but it seems to us, that, without the support of *Leame* v. *Bray,* and the *nisi prius* cases cited above, this case of *Gates* v. *Miles,* might quite as well have been decided for the plaintiff.    It is very probable, that the fact, that the action of trespass was clearly barred by the statute of limitations induced the court to deny the remedy by an action upon the case. There might have been other facts in the case, which do not appear in the report.    The fact, too, that the collision in that case, occurred by the *positive* act of the defendant, or of his servant, acting in his presence and under his express orders, distinguishes it from the case now before the court, and from the rule, which we have stated above.

The case of *Case et al.* v. *Macks,* 3 Ohio 305, [2 Hammond 169,] is a case not reconcilable with the rule laid down above, nor with any well considered case, unless it be that of *Leame* v. *Bray,* and is opposed, as we think, to the general current of authority on the subject of water navigation.    In the case of *Day* v. *Edwards,* 5 T. R. 648, stress is laid upon the allegation, that the defendant drove *furiously* upon the plaintiff's carriage, as showing that the injury was done, not only by a *positive* agency of the defendant, but that it was *wilful* and *immediate.*    *Savignac* v. *Roome,* 6 T. R. 125, is a case against the master for the wilful act of the servant, and was decided upon the ground, that the master is not liable at all for the *wilful* act of his servant, unless it was done by his *direction* or *con-*

*sent,* and, in that case, that he is liable to the same action with the servant,—which must be trespass, the act being both *positive* and *wilful,* and the injury *immediate.*

The case of *Ogle* v. *Barnes,* 8 T. R. 188, decides, that "If A. *wilfully* run his vessel against B's and damage ensue, B. may bring *trespass ;* but, if A. so *negligently* steer his vessel, that it run foul of B 's, then case is the proper action." This case seems fully to justify the present action. *Tripe* v. *Potter,* cited in the opinion in this case and in 6 T. R. 128, goes upon the same ground. *Rogers* v. *Imbleton,* 5 B. & P. 117, is almost identical with the case now before us, and the court held, without doubt, that case is the proper remedy, and wholly disregard the case of *Leame* v. *Bray,* as an authority. *Huggett* v. *Montgomery,* 5 B. & P. 446, is similar, in principle, to the case of *Savignac* v. *Roome,* cited above. *Morley* v. *Gaisford,* 2 H. Bl. 442, is also a similar case. The cases all agree, I believe, that no action of trespass can be maintained against the master, for any act of his servant, unless the servant acts by his consent, either express or implied, and that, if the master, in other cases, is liable at all for the *wilful* acts of his servant, which causes immediate injury to the plaintiff, the action must be trespass on the case against the master, although trespass lies against the servant.

The case of *Turner* v. *Hawkins,* 1 B. & P. 472, is a case decided in the exchequer chamber, and seems to us to put this subject upon its true ground, that, where the wrong complained of is a mere *non-feasance,* the appropriate remedy is case, but that trespass will also lie, perhaps, where the injury is *immediate.* *Moreton* v. *Hardern et al.,* 4 B. & C. 223, [10 E. C. L. 316,] is a case fully sustaining the same view, and withall, a very elaborate and well considered case. It decides, that case is the proper remedy for an injury *resulting from the defendant's own negligence* in driving his coach upon the plaintiff's carriage, although the injury is *immediate.* Opinion of LITTLEDALE, J. See, also, here, the review of all the cases, upon this subject, by BAYLEY, J. *Williams* v. *Holland,* 10 Bing. 112, [25 E. C. L. 50,] fully affirms the view we have just taken of *Moreton* v. *Hardern et al.,* and is a case learnedly and ably discussed, both by court and counsel ; and it decides, "that, when injury is occasioned by the carelessness and negligence of the defendant, the

Claflin *v.* Wilcox.

plaintiff is at liberty to bring an action on the case, notwithstanding the act be *immediate* so long as it is not a wilful act." We have thus examined the English cases as far, perhaps, as will be profitable. It will be seen, that they fully justify the present action.

The American cases upon this subject are numerous, and many of them, and those most reliable, as a fair exposition of the common law, seem to us to sustain the view we have here taken of the law upon this subject. They will be found extensively collected and collated in a note to *Scott* v. *Shepherd*, 1 Smith's Leading Cases 329.

Judgment affirmed.