## Aurelius C. Howard *v.* Charles E. Tyler.

### *Practice.   Trespass.*

In trespass for driving the defendant's wagon against the plaintiff's carriage, the plaintiff's evidence tended to show that it was through the defendant's fault; and the defendant's evidence tended to show that it was without his fault, but by reason of the plaintiff's horse backing the carriage on to his wagon as he was passing. The jury did not agree; whereupon the court directed a verdict for the plaintiff, and the damages to be assessed, that the cause might pass to the supreme court to have the questions of law arising therein settled. *Held*, error, because, if the jury had found the facts as the defendant claimed them, the plaintiff would not have been entitled to recover. The rule is now well settled, that when an injury to the plaintiff results from the immediate force of the defendant, and is caused by his carelessness and negligence, and is not wilful, the plaintiff can maintain either trespass or case.

Trespass for damage to the plaintiff's carriage. Plea, the general issue, and trial by jury, September term, 1873, Barrett, J., presiding.

The plaintiff's evidence tended to show, that in October, 1871, his wife and her sister went to Brattleboro with his horse and covered buggy, and that while the horse and carriage were standing on the left-hand side of Main street in said Brattleboro, opposite a dress-maker's shop, in which his wife was, her sister sitting in the carriage, the defendant drove his four-horse baggage wagon loaded with freight, along the same street, in the direction the plaintiff's horse was headed, and while passing, ran his wagon against the near hind wheel of the plaintiff's carriage, and damaged it. The plaintiff's evidence further tended to show, that his horse stood in substantially the same condition that it did when his wife left the carriage, until the collision, and that there was sufficient room for the defendant to have passed upon the right-hand side of the street, without hitting the carriage. The defendant's evidence tended to show, that the plaintiff's horse and carriage were farther out towards the middle of the street than the plaintiff's evidence tended to show; that the plaintiff's horse was restless and uneasy; that the defendant was sitting upon the seat of his wagon, with a man beside him, and saw the plaintiff's horse and carriage before he reached them, and reined out to pass, and would have

passed without difficulty, had not the plaintiff's horse suddenly backed two or three feet and hit the carriage against the defendant's wagon, causing damage. There was no evidence to show that the defendant purposely drove his wagon so that it could come in contact with the plaintiff's carriage. The defendant requested the court to charge the jury, that the plaintiff could not maintain trespass, unless the jury were satisfied that the defendant purposely drove against the plaintiff's carriage ; that both parties being rightfully in the highway, using the same for proper and legitimate purposes, the plaintiff's remedy would be by an action on the case ; and that the plaintiff could not recover in any form of action, without showing that the injury was the result of the defendant's negligence, and not the result of accident, or of any contributory negligence on the part of the plaintiff.

The court refused to charge as requested ; but, *pro forma*, submitted to the jury the simple question, whether the defendant's wagon ran against the plaintiff's carriage, as the plaintiff's evidence tended to show ; telling them, if it did, the plaintiff was entitled to recover ; but if they found that the plaintiff's horse backed, and thereby his carriage came in collision with the defendant's wagon, as the defendant's evidence tended to show, the plaintiff could not recover. The jury were unable to agree upon a verdict, whereupon the court, *pro forma*, directed a verdict for the plaintiff, with instructions to the jury to assess the damages, in order that the questions of law raised, might be passed upon by the supreme court. To the omission to charge as requested, to the charge as given, and to the direction of the court to return a verdict for the plaintiff, the defendant excepted.

*C. N. Davenport*, for the defendant.

Upon the state of facts disclosed, the plaintiff and defendant were both rightfully in the highway, and the defendant at least, was using it for proper and legitimate purposes. While so using it, if he *unintentionally* collided with plaintiff's carriage, the plaintiff cannot maintain trespass. His remedy is in case, founded upon the defendant's careless or negligent driving. *Washburn* v. *Tracy*, 2 D. Chip. 128 ; *Claflin* v. *Wilcox*, 18 Vt. 605. I am

aware that there are several cases which authorize the action of trespass in cases of negligent collision, upon the ground that the injury complained of is direct, and not consequential. This is the general rule ; the exception is, where the injury was unintentional, but at the same time the person causing it is responsible because of negligence. The only Vermont case where the question is made and decided, is *Claflin* v. *Wilcox, supra.* There it was held, after a full examination of the cases, that *case* is the proper remedy.

The court should have instructed the jury that the plaintiff could not recover without showing that the injury was the result of the defendant's negligence, and not of accident or of the plaintiff's contributory negligence. Angell Highways, ch. 8, 317 ; Sherman & Redf. Neg. 359 ; *Washburn* v. *Tracy, supra; Vincent* v. *Stinehour,* 7 Vt. 62; *Claflin* v. *Wilcox, supra; Robinson* v. *Cone,* 22 Vt. 213.

It was clearly error for the court to take the case from the consideration of the jury, and direct a verdict. The material facts upon which the plaintiff's right of recovery depended were in dispute. It was the province of the jury, and not of the court, to find the facts.

*A. Stoddard,* for the plaintiff.

The court told the jury that " if the plaintiff's horse backed, and thereby his carriage came in collision with the defendant's wagon, as the defendant's evidence tended to show, the plaintiff could not recover." This was in substance instructing the jury that if the collision happened thus, trespass would not lie for the injury.

Under this charge, the jury failed to agree, whereupon the court ordered a verdict for the plaintiff, *pro forma,* for the purpose of having this court settle the law of the case. The only question then to settle was, whether trespass *vi et armis* would lie, or whether the action must have been trespass on the case. We had supposed the law to have been long since settled upon this point, both in England and in this country, and that trespass *vi et armis* was the appropriate remedy. The collision occurred from

the force put in motion by the defendant in person, and by him *voluntarily* kept in motion till the collision happened; and the force was the immediate cause of the injury.

Whether the act was wilful or not, is immaterial. 2 Greenl. Ev. § 224; *Scott* v. *Shepherd*, 1 Smith Lead. Cas. 549. The following cases were trespass for careless and negligent driving. *Hopper & wife* v. *Reeve*, 7 Taunt. 698; *Leame* v. *Bray*, 3 East, 593; *Boss* v. *Litton*, 5 C. & P. 407; *Goodwin* v. *Taylor*, 5 C & P. 410; *Sheldrick* v. *Abery*, 1 Esp. 55; *Chandler* v. *Broughton*, 1 C. & M.; *Hall* v. *Fearnly*, 3 A. & E. 919; *McLaughlin* v. *Pryor*, 4 M. & G. 48; *Payne* v. *Smith*, 4 Dana, 497; *Burdick* v. *Worrall*, 4 Barb. 596.

*Day* v. *Edwards*, 5 T. R. 648, was trespass on the case alleging *furious, negligent, and improper* driving by the defendant of his cart. It was held on demurrer that the action should have been trespass, the injury being immediate. In *Savinac* v. *Roome*, 6 T. R. 125, which was an action on the case alleging that the defendant's servant *wilfully* drove the defendant's coach and horses against the plaintiff's chaise, judgment was arrested on the ground that the action should have been trespass. Trespass lies for accident or negligence in Kentucky. *Hodges* v. *Weltberger*, 6 Mon. 337. See also, *Sullivan* v. *Murphy*, 2 Miles (Penn.) 298; *Cole* v. *Fisher*, 11 Mass. 137; *Barnes* v. *Hurd*, Ib. 59; *Gates* v. *Miles*, 3 Conn. 64; *Loubz* v. *Hafner*, 1 Dev. (N. C.) 185; 14 Johns. 432; 6 Cow. 342; 3 N. H. 465; *May* v. *Bliss*, 22 Vt. 447; *Andros* v. *Howard*, 36 Vt. 245. The case of *McLaughlin* v. *Pryor*, *supra*, approves of the case of *Leame* v. *Bray*, and was decided as late as 1842. To the same effect are the cases of collision of vessels on water. *Huggett* v. *Montgomery*, 2 B. & P. 446, and notes; *Covill* v. *Laming*, 1 Camp. 497; *Loton* v. *Cross*, 2 Camp. 465. In *Gates* v. *Miles*, *supra*, it was held that case would not lie; and it made no difference whether the act complained of was wilful, or resulted from want of skill or care.

But it is now settled, that where negligence is the cause of an immediate injury, the injured party may declare in trespass *vi et armis* or case, taking care that the declaration in case does not impute wilful trespass. 1 Smith Lead. Cas. 554; *Williams* v.

*Holland*, 10 Bing. 112; *Moreton* v. *Hardern et al.* 4 B. & C. 223; *Branscomb* v. *Bridges et al.* 1 B. & C. 145; *Janes* v. *Caldwell*, 7 Yerg. (Tenn.) 38; *Schuer* v. *Veeder*, 7 Blackf. 342; *Brennan* v. *Carpenter*, 1 R. I. 474; *Waterman* v. *Hall et al.* 17 Vt. 128; *Claflin* v. *Wilcox*, 18 Vt. 605. The case of *Waterman* v. *Hall*, and the case cited from the 7th of Yerger, are alike. Case was sustained in this court, and trespass was held to be the appropriate remedy by the court in Tennessee.

Upon the evidence there can be no doubt of the defendant's guilt. There being no plea of justification, the judgment should be affirmed. *Mahew* v. *Boyce*, 1 Stark. 423; *Hall* v. *Fearnley*, 3 Q. B. *919; *Allen* v. *Parkhurst et al*, 10 Vt. 557; *Briggs* v. *Mason et al.* 31 Vt. 433; *Boss* v. *Litton, supra*.

The opinion of the court was delivered by

PIERPOINT, Ch. J. It appears that after the case had been submitted to the jury, and they had failed to agree upon a verdict, the court directed a verdict for the plaintiff, and had the jury assess the damages. This course was taken with a view of having the questions of law, raised upon the trial, determined by this court. This disposition of the case, we think, was erroneous; for if the jury had found the facts to be as the defendant's evidence tended to show, clearly the plaintiff would not have been entitled to recover, as the injury in that case must have resulted from the act of the plaintiff's team, and without fault on the part of the defendant. The evidence tending to establish such facts, we think was admissible, and was admitted without objection, under the general issue. The judgment of the county court must therefore be reversed.

The counsel on both sides have fully discussed the question, whether, upon the facts which the plaintiff's evidence tends to establish, the action of *trespass* can be maintained. The defendant insists that the action should have been *case*. Without entering the field of discussion that has been so fruitful of legal learning and ingenuity in the attempt to define and apply the distinction between the action of *trespass* and *case*, it is sufficient to say, that the rule seems now to be well established by the authorities, that

when the injury to the plaintiff results from the immediate force of the defendant, and is caused by his carelessness and negligence, and is not wilful, the plaintiff can maintain either trespass or case. See Smith Lead. Cas. 554, and the cases there referred to, and many others that it is not necessary here to refer to. The defendant relies much upon the case of *Claflin* v. *Wilcox*, 18 Vt. 605, as sustaining his view of the question. That was an action on the case ; the facts and principles there involved were much like the present. It was insisted in that case that *trespass* was the only remedy. Judge REDFIELD, who delivered the opinion of the court, after reviewing several of the cases, and criticising some of them quite sharply, decides that *case* is " the appropriate remedy ; " but he concedes that for many injuries, including a class of cases similar to the one then in hand, trespass and case are concurrent, and that trespass could have been maintained in that case. If the learned judge had said that case was *an* appropriate remedy, instead of *the* appropriate remedy, we think he would have more perfectly expressed his own idea, as the latter seems to imply that case was the only remedy, whereas the whole opinion shows it was not ; and it is upon that particular expression that the defendant relies as supporting his position. If, in the class of cases like the present, trespass and case are concurrent remedies, it is difficult to conceive of a reason, under our practice, why one is not just as appropriate as the other. Since, under our present statute, counts in trespass and case may be joined in the same declaration, there seems to be no good reason for adhering very closely to the old line of distinction between the two.

Judgment reversed, and cause remanded.