## SANFORD JUDD v. PORTER BALLARD.

JANUARY TERM, 1894.

*Liability for accidental injury. Trespass. Directing verdict. When minor may recover for loss of time and medical attendance. Certified execution.*

1. The plaintiff was injured by the discharge of a revolver in the hands of the defendant while the two were sitting in the bottom of a moving wagon. The defendant had discharged one barrel for amusement, and was fixing the hammer preparatory to returning the revolver to his pocket. *Held*, that the defendant was clearly liable, for the accident was in no sense an unavoidable one.

2. Trespass will lie, for the injury was the direct result of a force put in motion by the defendant.

3. The court properly directed a verdict for the plaintiff.

4. A minor may recover for his loss of time consequent upon an injury, provided his parent waives claim thereto; and such waiver may be made after suit begun.

5. He may also recover the expense of medical attendance if he is legally bound to pay it.

6. A certified execution may issue when the act, resulting in the plaintiff's injury, is purposely done by the defendant.

Trespass for assault and battery. Plea, not guilty. Trial by jury at the April term, 1891, Franklin county, THOMPSON, J., presiding. Verdict and judgment for the plaintiff.

It appeared that the plaintiff and defendant were riding in the rear end of a large express wagon partly lying down, with their feet out of the rear end of the wagon and facing each other. While in this position the defendant took out his revolver and discharged it over the wheel of the wagon, after which in some manner, while the revolver was

still in his hands it was discharged, the ball taking effect in the plaintiff's knee.

The defendant testified that he was carrying the revolver with the hammer between two cartridges as he usually did ; that he took the revolver out of his pocket, placed the hammer upon one of the cartridges and discharged it over the wheel of the wagon; that he then attempted to place the hammer between the cartridges as usual, and that while so doing, in some manner, which he could not account for, the revolver was discharged ; that he did not intend to injure the plaintiff nor to discharge the revolver, and was unable to state how the discharge did in fact occur.

The defendant insisted that the plaintiff could not recover in this form of action, but the court overruled the objection and directed a verdict for the plaintiff, submitting to the jury only the question of damages. To the action of the court in holding that a recovery could be had in trespass and to directing a verdict for the plaintiff, the defendant excepted.

The defendant was injured January 17, 1889, and was incapacitated for work in consequence of the injury until sometime in August, 1889. At the time of the injury he was a minor, and previous to that time had resided as a member of his father's family. He continued to so reside as a member of that family until he became of age, June 26, 1889. The defendant insisted that the plaintiff was not entitled to recover for loss of time between the date of the injury and the time he became of age. The plaintiff was allowed to show by his father that his time between the injury and his becoming of age had been given him by his father after the commencement of this suit. To the admission of this testimony and to the action of the court in allowing the plaintiff to so recover for loss of time, before becoming of age, the defendant excepted.

The defendant also insisted that the plaintiff was not entitled to recover the expense of medical attendance between

the date of the injury and his becoming of age.  It appeared that after the injury the plaintiff had gone alone to St. Albans and had there employed Dr. Jenne, who treated him at that time and subsequently during his convalescence. Dr. Jenne testified that he had charged his bill for services directly to the father; that he did so because the plaintiff was a member of his father's family, and he had no account against the plaintiff; that since his recovery the plaintiff had promised to pay him the amount of the bill.

The court instructed the jury that the plaintiff was entitled to recover this expense, if he was legally bound to pay the bill to Dr. Jenne, and further instructed them in a manner not excepted to by the defendant, under what circumstances he would and would not be legally holden for these charges.

To the action of the court in ruling that the plaintiff could recover the amount of Dr. Jenne's charges between January 17 and June 26, the defendant excepted.

The jury found generally for the plaintiff, and further found by special verdict that they had included in their general verdict $75 for loss of time and $100 for medical attendance previous to June 26th.

*Watson & Flinn* and *Farrington & Post* for the defendant.

If there is any right of recovery against the defendant it grows out of negligence, and, therefore, the proper remedy is case.  Whar., Neg., (2nd Ed.) ss. 11, 12, 13; 1 Chitty Plead., *140, *141, *142; *Vinton* v. *Schwab*, 32 Vt. 612; Buswell, Pers. Inj., 128; *Gratiot* v. *Railroad Co.*, 16 L. R. A. 189; *Germond* v. *Railway Co.*, 65 Vt. 126–132.

The plaintiff cannot recover for his loss of time before becoming of age, for that time was not his, but the father's. *Bradley* v. *Andrews*, 51 Vt. 528, 529.

The same is true of the expenses for medical attendance. They were charged against the father and not against the plaintiff. *Pool* v. *Pratt*, 1 D. Chip. 254; *Bradley* v. *Pratt*, 23 Vt. 383; *Abell* v. *Warner*, 4 Vt. 152; *Swain* v. *Tyler*, 26 Vt. 9; *Bradley* v. *Andrews*, 51 Vt. 528.

The certified execution ought not to have been granted. R. L., s. 1502; R. S., 1839, Chap. 103, s. 17; *Re Horace Wheelock*, 13 Vt. 375; *Soule* v. *Austin*, 35 Vt. 515–518; *Styles* v. *Shanks*, 46 Vt. 612; *Whitcomb* v. *Rood*, 20 Vt. 49; Gen. Stat., 1862, Chap. 121, s. 23.

*Hogan & Royce* for the plaintiff.

The evidence raised no issue of fact. Hence the court properly directed a verdict for the plaintiff. *Collamer* v. *Langdon*, 29 Vt. 32; *Driggs* v. *Burton*, 44 Vt. 124.

The defendant was liable for this injury since the accident was not an unavoidable one. *Wright* v. *Clark*, 50 Vt. 130; *Vincent* v. *Stinehour*, 7 Vt. 62; *Morris* v. *Platt*, 32 Conn. 75; Year Book, 21 H. 7, 28a; *Underwood* v. *Hewson*, 1 Stra. 592; *Weaver* v. *Wood*, Hobart 134; *Bullock* v. *Babcock*, 3 Wend. 391; *Vosburg* v. *Putney*, (Wis.) 14 L. R. A. 226, and note and cases cited; *Markley* v. *Whitman*, (Mich.) 20 L. R. A. 55; *Stevens* v. *Dudley*, 56 Vt. 158; 4 Wait's Ac. & Def., 702, and cases cited; *Cole* v. *Fisher*, 11 Mass. 136.

Trespass *vi et armis* was the proper remedy. The injury was the direct consequence of the defendant's act. *Scott* v. *Shepard*, 2 Bl. 892; 1 Smith's Lea. Cas., Part 2, p. 754 and note and cases cited p. 767; *Waterman* v. *Hall et al.*, 17 Vt. 128; *Claflin* v. *Wilcox*, 18 Vt. 605; *Morris* v. *Platt*, 32 Conn. 75.

The certified execution was properly granted. The act of the defendant which resulted in the plaintiff's injury was purposely done, and that is equivalent to wilful. *Robinson*

v. *Wilson,* 22 Vt. 37 ; *Hill* v. *Cox,* 54 Vt. 627 ; *Melendy* v. *Spaulding,* 54 Vt. 517 ; *Soule* v. *Austin,* 35 Vt. 515 ; *Whiting* v. *Dow,* 42 Vt. 262.

Since the father had given the plaintiff his time, a recovery may be had for loss of time while under age. *Atkins* v. *Sherbine,* 58 Vt. 248 ; *Stiles* v. *Granville,* 6 Cush. 458 ; *Baker* v. *Flint, etc. Rd. Co.,* 91 Mich. 298 (30 Am. St. Rep. 471).

MUNSON, J. The plaintiff was injured by the discharge of a revolver in the hands of the defendant, while the two were reclining, partially facing each other, in the bottom of a moving wagon. The defendant had discharged one barrel for amusement, and was fixing the hammer preparatory to returning the revolver to his pocket, when the discharge which injured the plaintiff occurred.

Upon the facts presented the defendant is clearly answerable for the damages sustained by the plaintiff. The shooting of the plaintiff was an accident, but in no sense an unavoidable accident. It would not have occurred but for the defendant's carelessness. The test of liability is not whether the injury was accidentally inflicted, but whether the defendant was free from blame. *Vincent* v. *Stinehour,* 7 Vt. 62 ; *Morris* v. *Platt,* 32 Conn. 75 ; *Bullock* v. *Babcock,* 3 Wend. 391.

The plaintiff's damages are recoverable in an action of trespass. The injury was the direct result of a force put in motion by the defendant. The fact that the force was put in motion through negligence does not preclude the plaintiff from maintaining trespass. Neither an intention to injure the plaintiff, nor an intention to do the act which caused the injury, is essential. It is sufficient if the defendant does a positive act from which the plaintiff suffers an immediate injury. 1 Smith Lead. Cas. 560 ; *Leame* v. *Bray,* 3 East 593 ; *Welch* v. *Durand,* 36 Conn. 182 ; *Claflin* v. *Wilcox,* 18 Vt. 605 ; *Howard* v. *Tyler,* 46 Vt. 683.

It was proper to direct a verdict. There was no room for conflicting views as to the essential feature of the defendant's conduct. The question was not whether it was proper to place the hammer between two cartridges, nor whether the defendant was handling the hammer in a proper manner. However proper it may have been to place the hammer in that position, and whatever the care with which the defendant was moving the hammer, it was negligence to be adjusting it with the revolver so held that an accidental discharge would injure the plaintiff. There was no evidence tending to show that the position of the revolver at the time of discharge was due to any controlling outside force, and no circumstances shown from which the presence of such a force could be inferred. Any danger that might arise from the jolting of the wagon the defendant was bound to consider. The undisputed facts admit of no inference which could relieve the defendant from liability.

There was no error in permitting a recovery for the plaintiff's loss of time. The services of a minor child belong to the father if claimed, but the father can waive his right to them, either by complete emancipation or by a relinquishment in the particular instance. A recovery for services thus relinquished may be had in the name of the minor. A minor for whose benefit such a relinquishment has been made may be permitted with at least equal propriety to recover for his loss of time in an action of tort. In such a case the damage is claimed in connection with other damages, resulting from the same injury and recoverable only by the minor. If the minor be permitted to recover this with the other damages, the wrongdoer will be saved the expense of a second suit. It seems to have been considered in *Stiles* v. *Granville*, 6 Cush. 458, that a minor may recover for his services when the waiver is made after the service is rendered and before the bringing of the suit. A ma-

jority of the court think a recovery for loss of time is permissible upon a waiver made after the suit is commenced.   This view is supported to some extent by the holdings in *Smith* v. *Perry*, 26 Vt. 279, and *Cole* v. *Kimball*, 52 Vt. 639. When such a recovery is permitted, it is the better practice to require of the parent the filing of a formal waiver.   The damage resulting from the plaintiff's loss of time was ascertained by a special verdict; and this will not be included in the judgment, unless the plaintiff's father files with the clerk a release of any claim on his part.

There was no error in permitting the plaintiff to recover the expense of medical attendance.   Although the physician had made his charges on book to the father, there was evidence tending to show that he was employed by the plaintiff, and had been promised payment by the plaintiff after he became of age.   It was to be determined from the whole evidence where the liability for payment rested.   The question was submitted to the jury with proper instructions, and the matter is disposed of by the verdict.

The court found the facts which the testimony recited in the bill of exceptions tended to prove, and granted a certified execution.   It is insisted that the granting of a certified execution upon these findings was error.   We think the findings present a case in which such an execution could properly be granted.   The statute authorizes it in the case of a wilful and malicious neglect as well as in the case of a wilful and malicious act.   The force given to the word " malicious " as here used may be gathered from *Whiting* v. *Dow*, 42 Vt. 262, and *Boutwell* v. *Harriman*, 58 Vt. 516. The meaning of the word " wilful " is considered in *Hill* v. *Cox*, 54 Vt. 627, where it is said that a wrong wilfully done is a wrong purposely done.   The defendant did not purposely shoot the plaintiff, but he purposely subjected him to the risk involved in manipulating the hammer of a loaded

revolver while it was pointed at his person. We think this was such a neglect as the statute was intended to cover.

*Judgment affirmed.*

Munson and Start, JJ., dissent from so much of the opinion as permits a recovery for loss of time.